# In the United States Court of Federal Claims

No. 23-510

(Filed: July 28, 2023)

(NOT TO BE PUBLISHED)

```
                                            )
JAMES LA VELL HARRIS,                       )
                                            )
                Plaintiff,                  )
                                            )
        v.                                  )
                                            )
UNITED STATES,                              )
                                            )
                Defendant.                  )
                                            )
```

James La Vell Harris, *pro se*, Clearlake, CA.

Borislav Kushnir, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. Appearing with him on the briefs were Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, Patricia M. McCarthy, Director, and Lisa L. Donahue, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge

Mr. Smiley James Harris[1] filed a complaint in this court on April 10, 2023, claiming he is entitled to compensation for his unjust conviction and imprisonment and for copyright infringement. Compl. at 1, ECF No. 1.[2] Mr. Harris surrendered his California driver's license in 2001 and began using an international driver's license instead. Decl. at 2-3, ECF No. 1. He was then convicted and imprisoned "during the period of May 2001 up to October 2005" and again "from 2005 to present day" for driving without a license and driving with a suspended license.

---

[1] Mr. Harris is also known as James La Vell Harris and is referred to by both names in the filings.

[2] Mr. Harris's complaint is paginated consecutively and will be cited as "Compl. at __." Mr. Harris's initial filing also contains a declaration in support of his complaint that restarts the page numbering and will be cited as "Decl. at __."

Compl. at 3. Mr. Harris alleges the Clearlake Police Department has seized four of his vehicles and has sold two of those vehicles in relation to his convictions. *See* Decl. at 4-6. He requests nearly three billion dollars in damages. Compl. Ex. J, ECF No. 1-1.

In his complaint, Mr. Harris alleges that the United States Attorney General, Merrick Garland, failed to adequately train and supervise various federal officials and that this failure "resulted in plaintiff's unjust convictions and imprisonments by agents of the United States government." Compl. at 3. He also names various individuals, corporations, and state and municipal agents and agencies as defendants. Compl. at 2.

The government moved to dismiss Mr. Harris's complaint on June 9, 2023, Def.'s Mot. to Dismiss the Compl. ("Def.'s Mot."), ECF No. 9, contending that Mr. Harris's claims fall outside this court's limited subject-matter jurisdiction. *Id.* at 2. First, it contends that Mr. Harris's claims against states, their various subdivisions, and private parties fall outside this court's jurisdiction to hear claims "against the United States." *Id.* at 2. Second, the government argues this court lacks jurisdiction over Mr. Harris's claims that "ask[] this [c]ourt to review his apparent state convictions." Def.'s Mot. at 2-3. Third, defendant avers that the statute Mr. Harris relies upon as the basis for his complaint, 8 U.S.C. § 1481, is not a money-mandating statute and therefore fails to provide a jurisdictional basis for Mr. Harris's claims. *Id.* at 3-4.

Mr. Harris has yet to respond to the government's motion and the deadline for doing so passed on July 10, 2023.[3] Rule 7.2(b)(1) of the Rules of The Court of Federal Claims ("RCFC") (establishing a 28-day deadline for responses to motions to dismiss); RCFC 6(d) (adding three days to any deadlines where service is made by mail).

**STANDARDS FOR DECISION**

The court must dismiss a claim over which it lacks subject-matter jurisdiction. *See* RCFC 12(b)(1); RCFC 12(h)(3). A plaintiff must prove that the court has subject-matter jurisdiction over his claim by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). While *pro se* plaintiffs' filings are construed "liberally" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), this leniency "with respect to mere formalities does not relieve them of jurisdictional requirements." *Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020).

The Tucker Act confers this court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not establish substantive rights, so a plaintiff seeking to establish this court's jurisdiction under the act must "identify a substantive right for money damages against the United States

---

[3] Mr. Harris filed a notice of exemption "regarding any and all obligations of performance/loss/costs sustained by the United States of America or State of California" regarding this case but has not otherwise responded to the government's motion. ECF No. 11.

separate from the Tucker Act itself." *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004).

This court lacks jurisdiction "to entertain collateral attacks on decisions of state courts." *See Rohland v. United States*, 136 Fed. Cl. 55, 66 (2018). It likewise lacks jurisdiction to hear any claims against defendants other than the United States. *Kemp v. United States*, 124 Fed. Cl. 387, 393 (2015); *see also Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (stating that the Court of Federal Claims lacks jurisdiction over claims against officers of the United States or "any other individual").

## DISCUSSION

This court lacks jurisdiction over all of Mr. Harris's claims. First, his claims collaterally attack state court judgments. Mr. Harris seeks compensation for unjust conviction and imprisonment under 28 U.S.C. § 1495, a federal statute empowering this court to "render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." The convictions Mr. Harris challenges as unjust, however, are state convictions and terms of imprisonment imposed by California. The Tucker Act does not vest this court with the power to collaterally review state court decisions. *See Rohland*, 136 Fed. Cl. at 66. Such challenges must be leveled according to California's rules governing appellate relief. Because Mr. Harris's complaint challenges only state convictions, the federal unjust conviction statute does not establish this court's jurisdiction over his claims. *See* 28 U.S.C. § 1495.

Next, his complaint fails to name a defendant over which this court has jurisdiction. He identifies as defendants California state agencies, the California Secretary of State, Lake County, the Lake County Sherriff's department, and the City of Clearlake as well as three towing companies. Compl. at 2. This court lacks the power to hear claims against these state and private defendants. *See Pease v. United States*, No. 10-556C, 2011 WL 539116, at *3 (Fed. Cl. Feb. 8, 2011) ("The United States is not liable for the actions of nonfederal parties who are not agents of the United States."). Mr. Harris also names Attorney General Merrick Garland and three of his agents or employees. Compl. at 2-3. The court likewise cannot entertain claims against federal officials in either their personal or professional capacity. *See* RCFC 10(a) (requiring that the United States be designated as the defendant in the Court of Federal Claims); *Burns v. United States*, No. 18-382C, 2018 WL 2996918, at *2 (Fed. Cl. June 15, 2018) ("The court's jurisdiction does not extend to suits against private individuals, even where those individuals are officers or employees of the government."); *Stephenson*, 58 Fed. Cl. at 190 (dismissing for lack of subject-matter jurisdiction plaintiff's claims against Internal Revenue Service agents and other federal officials).

Finally, Mr. Harris fails to identify any other source of law that entitles him to money damages. Compl. at 1.[4] In stating his claim, Mr. Harris relies on 8 U.S.C. § 1481, a statute that identifies various acts a United States national can take to relinquish his or her nationality and establishes presumptions that apply in determining whether such an act has occurred and, if so,

---

[4] Aside from the federal unjust conviction statute discussed *supra* at 3, Mr. Harris cites 28 U.S.C. § 1498, which empowers this court to entertain patent and copyright infringement claims against the United States. Aside from attaching as Common Law Copyright notice for the "trade-name/trademark, JAMES LA VELL HARRIS© as well as any and all derivatives," Mr. Harris's complaint fails to state an infringement claim against the United States. *See* Compl. at 3; Compl. Ex. E, at 1.

whether that act was voluntary.  Section 1481 does not mandate compensation by the United States government.

## CONCLUSION

Accordingly, the government's motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction is GRANTED.

The Clerk shall dismiss plaintiff's complaint for lack of subject-matter jurisdiction.  The Clerk is directed to enter judgment in favor of the defendant.

No costs.

It is so **ORDERED**.

s/ Charles F. Lettow  
Charles F. Lettow  
Senior Judge